■ IRVING JOCHELMAN, Respondent, v THE NEW YORK STATE BANKING DEPARTMENT, Appellant, et al., Defendants. [920 NYS2d 661]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered October 5, 2010, which, to the extent appealed from as limited by the briefs, denied defendant-appellant employer's motion for summary judgment insofar it sought dismissal of plaintiff employee's cause of action alleging a violation of Executive Law § 296 (3) as against it, unanimously affirmed, without costs.

Defendant asserts that it investigated plaintiff's claimed disability and request for a reasonable accommodation, and that plaintiff caused the process to break down by refusing to supply requested medical information. However, the record contains evidence that plaintiff made an effort to substantiate his claim with medical documentation, made two requests for a reasonable accommodation, and suggested possible accommodations. According to plaintiff, defendant failed to consider his requests. Based on the conflicting evidence, Supreme Court properly determined that genuine issues of fact exist as to whether defendant engaged in the good faith interactive process required by the New York State Human Rights Law (*see* Executive Law § 296 [3]; *see also Phillips v City of New York*, 66 AD3d 170, 176 [2009]).

We have considered defendant's remaining contentions and find them unavailing. Concur—Andrias, J.P., Saxe, Moskowitz, Richter and Manzanet-Daniels, JJ. **[Prior Case History: 2010 NY Slip Op 32750(U).]**